# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SMARTNET, INC.,**  Plaintiff,  v.  **OLIVER N.E. KELLMAN, JR.,**  Defendant. | Civil Action No. 04-1033 (CKK)(AK) |

## MEMORANDUM OPINION[1]

Pending before the Court is Plaintiff SmartNet's Motion to Reopen Case to Enforce Settlement Agreement[2] [68] and [69], Defendant Kellman's Opposition [71], Plaintiff's Supplemental Memorandum in Support of the Motion to Reopen [77], Defendant's Renewed Opposition [78], Plaintiff's Reply [80], and Defendant's Reply [79] and [81].

**I.   Background**

On October 19, 2005, the Parties filed a Stipulation of Dismissal with prejudice of the underlying action[3] and a request for the Court to retain jurisdiction over the Settlement

---

[1] United States District Judge Colleen Kollar-Kotelly referred this matter to the undersigned for resolution pursuant to Local Civil Rule 72.2.  (*See* Referral Order [72], [73].)

[2] The Court granted Plaintiff's Motion to Reopen in part by reopening the case in order to hold an evidentiary hearing on the Plaintiff's claim that the Settlement Agreement had been breached.  (*See* Order [74].)  An evidentiary hearing was held on September 18, 2008.  (*See* 9/18/08 Minute Entry.)  Therefore, the only issue remaining for the Court's determination is Plaintiff's claim of material breach of the Settlement Agreement.

[3] The underlying complaint alleged breach of contract and impairment of economic opportunity, legal malpractice and professional negligence, breach of fiduciary duty, fraud, and consumer fraud.  (*See* Compl. [1].)

1

Agreement in this case. (*See* Stipulation of Dismissal [60].) On October 20, 2005, the Court dismissed the case with prejudice and agreed to retain jurisdiction over the Settlement Agreement. (*See* 10/20/05 Minute Order.) Plaintiff filed a Motion to Reopen Case to Enforce Settlement Agreement on September 27, 2006. (*See* Motion to Reopen [61].) That motion was denied without prejudice to allow for compliance with the payment schedule in place, and permitted Plaintiff to re-file its Motion, in the absence of full compliance, On May 30, 2008. (*See* Order [66].)

On May 30, 2008, Plaintiff SmartNet filed its Renewed Motion to Re-Open Case to Enforce Settlement Agreement. (*See* Motion to Reopen [68]). Plaintiff asserts that Defendant Oliver N.E. Kellman, Jr. materially breached the Settlement Agreement entered into by the parties in October 2005 by (1) failing to make monthly payments of 20% of his monthly gross income, pursuant to Paragraph 2(B) of the Settlement Agreement; (2) failing to provide truthful information about his monthly income; and (3) failing to provide Plaintiff with annual copies of his federal and state income tax returns, pursuant to Paragraph 2(F) of the Settlement Agreement. (Pl.'s Mot. 1-2.) Defendant responds that he has already paid Plaintiff $21,000 of the $90,000 due to Plaintiff and that, because of his health and other issues, he has been unable to generate income and make additional payments. (Def.'s Opp'n 3.)

Because resolution of Plaintiff's Motion required the Court to make findings of fact regarding Defendant's gross income and his financial ability to comply with the payment plan set forth in Paragraph 2(B) of the Settlement Agreement, the Court held an evidentiary hearing on September 18, 2008. At the close of the hearing, the parties were directed to file written closing arguments and responses. The parties subsequently filed supplemental memoranda and replies.

**II.   Discussion**

    A.    <u>Legal Standard</u>

This Court has jurisdiction to enforce a the Settlement Agreement in this case because the Court expressly retained such jurisdiction in its dismissal order. *See* FED. R. CIV. P. 41(a)(2); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994). The parties themselves also expressly agreed that this Court would retain jurisdiction over the Settlement Agreement. (*See* Pl.'s Mot. to Reopen Ex. 1 [96-2] ("Settlement Agreement") at ¶ 12.)

Pursuant to the Settlement Agreement, and under the law of this Circuit, District of Columbia law governs the agreement. (*See id.* at ¶ 18); *Makins v. District of Columbia*, 277 F.3d 533, 547 (D.C. Cir. 2002). While in many cases a district court can enforce a settlement agreement summarily, an evidentiary hearing may be necessary where there is a dispute about the settlement. *See Hall v. George Washington Univ.*, No. CIV.A. 99-1136, 2005 WL 1378761, at *3 (D.D.C. May 13, 2005) (noting that summary proceedings are inappropriate where there is a genuine dispute about whether the parties have entered into a binding settlement). Because the parties here agree that there exists an enforceable settlement agreement, the Court need only determine whether the agreement was in fact breached by Defendant.

"An action to enforce a settlement agreement is, at bottom, an action seeking the equitable remedy of specific performance of a contract." *Hall*, 2005 WL 1378761 at *3 (citing *Quijano v. Eagle Maintenance Servs., Inc.*, 952 F. Supp. 1, 3 (D.D.C. 1997)). Under District of Columbia law, the party alleging breach of a contract must prove breach by a preponderance of the evidence. *See, e.g., Harvey's Inc. v. A.C. Elec. Co.*, 207 A.2d 660, 661 (D.C. 1965); *In re Estate of McKenney*, 953 A.2d 336 (D.C. 2008) (noting "the normal preponderance of the

evidence standard common to contract actions").

### B. Alleged Material Breach of the Settlement Agreement

Plaintiff focuses its post-hearing arguments on two contentions: (1) that Defendant Kellman failed numerous times to provide the monthly payments and explanations of his income as required under the Settlement Agreement; and (2) provided materially false information about his income in violation of the Settlement Agreement. (*See* Pl.'s Mem. in Supp. [77].) Plaintiff argues that these acts constitute a material breach under the terms of the agreement and trigger a default under ¶ 7, thereby entitling Plaintiff to the immediate entry of a Confessed Judgment against Defendant in the amount of $175,000 minus any payments already made by Defendant. With respect to the first contention, Plaintiff argues that Defendant has not made one single payment of the 20% of monthly income required under the Settlement Agreement and, as evidenced by several letters sent by Defendant's counsel, has on several occasions failed to provide the monthly income statements or explanations of no income required under ¶ 2(B) of the agreement. (*Id.* at 2-4.) Second, Plaintiff contends that Defendant provided materially false information about his income in violation of ¶ 5 of the Settlement Agreement because he received monies during periods where he reported to Plaintiff that he did not receive any income. (*Id.* at 2-7.)

Defendant responds that he has made some payments under the Settlement Agreement, that his various business associations do not demonstrate that he has generated income from those entities, and that monies received from his family to live on and with which to make political contributions do not constitute income as defined in the Settlement Agreement. (Def.'s

Opp'n [78] at 1-3.) Defendant further argues that he properly informed Plaintiff regarding his income status because letters were sent by Defendant's counsel describing Defendant's health status. (Def.'s Reply at 1-2.)

After thoroughly reviewing the record, the memoranda, the exhibits submitted by the parties and the evidence presented at the evidentiary hearing, the Court concludes that Defendant materially breached the Settlement Agreement by failing on several occasions to provide the requisite monthly explanations of income under ¶¶ 2(B) and 4, and that this material breach triggers the default provisions of ¶¶ 4 and 7. The Court, however, concludes that Plaintiff did not prove by a preponderance of the evidence that Plaintiff provided materially false information about his income in violation of ¶ 5, or the violation of any other provision of the Settlement Agreement.

      1.    *Failure to Provide Monthly Income Statements*

The Court finds that Defendant's failure to provide several monthly income statements is a material breach of the Settlement Agreement resulting in a default that triggers the consequences set forth in ¶ 7 of the agreement. Pursuant to the Settlement Agreement, Defendant Kellman agreed to pay Plaintiff Smartnet $90,000 according to a set schedule, which included an initial set sum of $10,000 followed by monthly payments of 20% of Defendant's monthly gross income. (*See* Settlement Agreement ¶ 2.) The parties agreed that Defendant would submit the monthly payment by the fifteenth day of the succeeding month along with "a written statement from Mr. Kellman's counsel describing Mr. Kellman's gross income for the given month." (*Id*. at ¶ 2(B).) If Defendant did not generate income for any month, he was

required to "inform Smartnet and . . . explain in writing by the [monthly due date for payment] the circumstances for his failure to generate any income in any month." (*Id.*)  The Settlement Agreement further provided that any second failure to provide the required payment or explanation of no income by the required date would constitute a material breach and default under the Settlement Agreement, thereby triggering the entry of a Confessed Judgment against Defendant in the amount of $175,000 minus any prior payments.[4]  (*Id.* at ¶¶ 3, 4, 7.)

It is clear from the evidence that the letters submitted by Defendant's counsel to Plaintiff's counsel from the period of October 2007 to February 2008 do not meet the requirements for reporting and explaining monthly income set forth in the Settlement Agreement. The October 18, 2007 letter stated that Defendant's counsel was awaiting a check from Defendant for $4,000 representing the monthly payments to be made to Plaintiff corresponding to Defendant's May-August 2007 monthly income, and that the check would be forwarded on to

---

[4] The relevant portions of the Settlement Agreement read:

> Should Mr. Kellman fail to provide the required monthly payment or explanation of no income to SmartNet by the date required, Mr. Kellman shall have until the twenty-second (22nd) day of the month in which the payment or explanation is due to remedy his failure and provide the required payment or explanation.  A failure to provide the required payment or explanation by the 22nd of the month in which it is due is a material breach.

(Settlement Agreement ¶ 3.)

> If Mr. Kellman fails a second time to provide the required payment or explanation of no income to SmartNet by the date required, the failure is a material breach that results in a default with the consequences set forth in paragraph 7, infra.

(*Id*. at ¶ 4.)

> In the event of a default under paragraphs 4, 5, or 6, SmartNet shall be entitled to the immediate entry a Confessed Judgment against Mr. Kellman in the amount of one hundred and seventy five thousand dollars ($175,000.00) minus any payments made by Mr. Kellman.  The Confessed Judgment shall not be dischargeable or reduceable in bankruptcy proceedings.

(*Id*. at ¶ 7.)

6

Plaintiff upon receipt by Defendant's counsel. (Pl.'s Ex. 3C.) Furthermore, the letter stated that Defendant's counsel believed that Defendant would also be tendering $1,000 representing his payment of 20% of his September 2007 income, but that counsel needed to confirm with Defendant. (*Id.*) Neither payment was ever received by Plaintiff. (Pl.'s Mem. in Supp. [77] at 3.) There is no evidence that any timely written explanation for the failure to make these payments was ever submitted to Plaintiff. Defendant's counsel submitted the next month's letter to Plaintiff's counsel on November 15, 2008, which stated "I am awaiting word from Mr. Kellman as to his income status and payment plans. I will contact you as soon as I have more information." (Pl.'s Ex. 3D.) There is no evidence that a timely follow-up explanation of this failure was ever submitted to Plaintiff. Defendant's counsel's letter for the subsequent month, submitted on December 16, 2007, also contained insufficient information pursuant to the Settlement Agreement. The December 2007 letter stated "I am working with Mr. Kellman to ascertain his income status and payment plans. I will contact you as soon as I have more information." (Pl.'s Ex. 3E.) There is no evidence before the Court that Plaintiff's counsel ever submitted a timely follow-up explanation or reporting of income.

Defendant's counsel's January and February 2008 letters further failed to meet the requirements of the Settlement Agreement. The letter submitted on January 15, 2008 stated that "due to the death of Mr. Kellman's mother in December 2007, Mr. Kellman has been distracted and unavailable to address income and payment matters. Further, I will be raising with Mr. Kellman the possibility of resolving this matter with SmartNet by means other than the payment schedule set forth in the Settlement Agreement." (Pl.'s Ex. 28A.) The February 15, 2008 letter from Defendant's counsel stated that "last week I was scheduled to meet with Mr. Kellman to

review this matter. I then received word from him that he was admitted to the hospital. I have been unable to meet with him, and therefore have no information about his income status." (Pl.'s Ex. 28B.)

This evidence demonstrates that for repeated months Defendant Kellman failed to submit the required explanations of no income that he had agreed to submit in the Settlement Agreement. The agreement, which both parties signed, specifically calls on Defendant to explain in writing any failure to generate monthly income by the fifteenth day of the succeeding month, with the ability to remedy any failure to provide this explanation by the twenty-second day of month in which it is due. From October 2007 to February 2008, Defendant failed to meet these requirements. The letters submitted by Defendant's counsel stating that he has not been able to reach Defendant or discuss income matters with him, for whatever reason, are insufficient under the clear terms of the Settlement Agreement. While the Court is sympathetic to Defendant's family and medical issues, they cannot excuse five months' failure to comply with the terms of the Settlement Agreement. The parties agreed to settle their dispute to avoid litigation on the matter. As part of that agreement, Defendant Kellman agreed to provide monthly written statements of his income or explanations of the circumstances of his failure to generate monthly income. By its terms, the Settlement Agreement expressly makes a repeated failure to provide the required explanation of no income a material breach of the agreement. The Court must enforce the clear terms of the Settlement Agreement.

Defendant's multiple failures to provide the required explanation of no monthly income, therefore, amount to a violation of ¶¶ 2(B) and 4 of the Settlement Agreement and a material breach of the agreement resulting in default. Pursuant to ¶ 4, the consequences for such a

material breach and default is the immediate entry of a Confessed Judgment against Mr. Kellman in the amount of $175,000 minus any payments made by Mr. Kellman.  The Settlement Agreement calls for this judgment to not be dischargeable or reduceable in bankruptcy proceedings.  The Court will enforce the terms of the Settlement Agreement and enter the requisite Confessed Judgment, but will not direct that the judgment be not dischargeable or reduceable in bankruptcy proceedings.  Whether the judgment can by stipulation of the parties be not dischargeable or reduceable in a bankruptcy proceeding is an issue appropriately determined by the Bankruptcy Court.

### 2. *Provision of Materially False Information About Income*

The Court finds that Plaintiff has not met its burden of proving that Defendant provided materially false information about his income in violation of ¶ 5 of the Settlement Agreement.[5] Plaintiff argues that Defendant provided materially false information about his income by reporting no income during periods when his bank account balances significantly increased in amount, during periods when he was engaged in and was loaned money for business ventures, during periods when he was given money by family members for the purpose of making political contributions, and during periods when he made political and charitable contributions.  (*See* Pl.'s 4-8.)  While the evidence Plaintiff cites has some circumstantial weight, the Court concludes that the evidence presented does not prove by a preponderance of the evidence that Defendant

---

[5] The relevant language from the Settlement Agreement provides:

> If Mr. Kellman provides materially false information about his income to SmartNet, he commits a material breach that results in a default with the consequences set forth in paragraph 7, infra.

(Settlement Agreement at ¶ 5.)

generated income pursuant to the Settlement Agreement. The Court, therefore, concludes that Defendant did not violate paragraph five of the Settlement Agreement.

### III. Conclusion

Defendant's failure to provide monthly explanations of his inability to generate income as required by the Settlement Agreement constitutes a material breach of the agreement, resulting in a default under the agreement. Pursuant to the Settlement Agreement, that default requires the entry of a Confessed Judgment against Defendant in the amount of $175,000 minus any payments already made by Defendant. Defendant has made previous payments totaling $ 21,000. (*See* Def.'s Opp'n [71] at 1; Pl.'s Mem. in Supp. [77] at 2.) The Court must effectuate the terms of the Settlement Agreement that both parties assented to. Therefore, the Court will grant Plaintiff's Motion to Enforce the Settlement Agreement and will enter a Confessed Judgement in the amount of $154,000.

An Order consistent with this Memorandum Opinion is filed contemporaneously herewith.

Date: March  30th , 2009                              /s/
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE