UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SMARTNET, INC.,

    Plaintiff,

       v.

OLIVER N.E. KELLMAN, JR.,

    Defendant.

Civil Action No. 04-1033 (CKK)

**MEMORANDUM OPINION**
(April 1, 2026)

Pending before this Court is Defendant Oliver N.E. Kellman, Jr.'s [97] *pro se* Motion to Reconsider the Court's December 19, 2025 Memorandum Opinion and Order, and Plaintiff Smartnet's, Inc.'s [98] Opposition thereto.[1]   The December 19, 2025 Memorandum Opinion and Order denied Defendant's Consolidated Motion to Quash Subpoena, to Dismiss Post-Judgment Enforcement, and for a Protective Order ("Consolidated Motion").  In his instant Motion, however, Mr. Kellman's sole demand for reconsideration is that this Court reconsider "its December 19, 2025 Order reviving the dormant judgment against him."  Def.'s Mot., ECF No. 97, at 1 (emphasis added). Defendant does not ask for reconsideration of his other requests from his Consolidated

---

[1] In addition to Defendant's [97] Motion ("Def.'s Mot.") and Plaintiff's [98] Opposition ("Pl's Opp'n"), this Court considered Defendant's [99] Reply ("Def.'s Reply"), and the record in this case.

1

Motion (quashing the subpoena or entering a protective order), and accordingly, this Memorandum Opinion and Order is limited in scope, in the same manner. While this Court incorporates by reference that Memorandum Opinion and Order, which contains a full background section, the Court will set out a brief background underlying Defendant's instant motion.

I. Relevant Background

On March 30, 2009, a "Confessed Judgment in the amount of one hundred and fifty-four thousand dollars" was entered against Defendant Oliver Kellman (hereinafter "Defendant" or "Mr. Kellman"). *See* Order, ECF No. 83. On March 30, 2021– prior to the expiration of that Judgment – Plaintiff Smartnet (hereinafter "Plaintiff" or "Smartnet") moved to renew the judgment, and that motion to renew was granted by this Court. *See* June 29, 2021 Order, ECF No. 88 (renewing the Judgement). Smartnet attempted thereafter to enforce the Renewed Judgment by serving a subpoena on third-party Quasar Markets, Inc., and in response thereto, Defendant filed his Consolidated Motion to quash the Quasar subpoena and dismiss all post-judgment enforcement.[2]

On December 19, 2025, this Court issued its Memorandum Opinion and Order denying Mr. Kellman's Consolidated Motion, finding that service of Plaintiff's motion to renew the judgment was legally sufficient and did not deprive Defendant of due process,

---

[2] Among other things, the subpoena sought records relating to Mr. Kellman's employment or contract status with Quasar; any ownership interest that Defendant had in Quasar; any property, real or personal for which Mr. Kellman acted as a trustee or fiduciary; and Mr. Kellman's ownership of any promissory notes. *See* Subpoena, Attachment A, ECF No. 94-2, at 5.

*see* ECF No. 96, at 6-8, nor was the Renewed Judgment void. *Id.* at 8-9. The Court's Opinion and Order did not directly rule upon Defendant's motion to quash the third-party subpoena (or the related protective order) because the Court found that portion of the Consolidated Motion was not appropriately before this Court, as the place for subpoena compliance was in Florida. *Id.* at 9-10.

II. Standard of Review

Defendant moves for reconsideration of the Court's Memorandum Opinion and Order pursuant to Fed. R. Civ. P. 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void." "Rule 60(b) . . . allows a party to seek relief from a final judgment 'within a reasonable time' after entry of the judgment, but only for specified reasons." *Ali  v. Carnegie Inst. of Wash.,* 309 F.R.D. 77, 80-81 (D.D.C. 2015). "The decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *Kazeem v. FDIC,* 811 F. Supp. 2d 279, 282 (D.D.C. 2011)) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.,* 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are however "disfavored" and "granting . . . such a motion is . . . an unusual measure[.]" *Cornish v. Dudas,* 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted).

III. Analysis of Defendant's Arguments

Mr. Kellman indicates at the onset of his Motion that his "Motion does not challenge the merits of the underlying 2009 judgment." Def.'s Mot., ECF No. 97, at 1. Rather, as previously noted, Mr. Kellman moves this Court to reconsider its "December

3

19, 2025 Order reviving the dormant judgment against him" based on alleged "manifest errors of law and fact." Def.'s Mot., ECF No. 97, at 1. As a preliminary matter, the Court notes that Mr. Kellman's characterization of its December 19, 2025 Order as "reviving the dormant judgment" is inaccurate for two reasons: (1) the initial Judgment was revived pursuant to the June 29, 2021 Order; and (2) the Judgment was not dormant, as Smartnet made some efforts to enforce the Judgment both before and after it was renewed.

The Court looks now at Plaintiff's arguments in support of reconsideration, which may be summarized as follows: (1) the default judgment is void because of defective service; (2) due process requires additional reasonable steps when initial service fails; (3) Defendant's medical disabilities constitute additional grounds for relief; and (4) Rule 60(b)(4) provides independent grounds for relief. Each argument will be addressed in turn, below.

A. Defendant Proffers No Good Reason for this Court to Reconsider its Finding that Service was Legally Sufficient and Due Process was Not Denied

Defendant's argument regarding the alleged insufficiency of service and his argument that there were due process violations – which also relies on service being insufficient – are reiterations of arguments he made in his Consolidated Motion, albeit it, with additional citations to case, rules, and statutes. Furthermore, both arguments were considered by this Court before being rejected by this Court. Namely, the Court found that when Smartnet docketed its motion to renew the judgment on the Court's electronic case filing ("ECF") system, a copy of the motion was sent to Defendant's counsel of record, Attorney Peter L. Goldman, and this constitutes legally sufficient service. Mem. Op. and

4

Order, ECF No. 96, at 6-8. Such service is proper and legally sufficient under Fed. R. Civ. P. 5(b)(1), whereby "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." *Id.* at 7-8. Additionally, after the Court docketed its Memorandum Opinion and Order – thereby providing notice to all counsel of record – the Clerk's Office also sent a copy of that Memorandum Opinion and Order to Defendant's address of record (because Mr. Kellman had been acting *pro se* prior to being represented by Mr. Goldman). There is no indication that this document was returned to the Court. *Id.* at 7.

Furthermore, in its Opinion and Order, this Court pointed out that, pursuant to Local Civil Rule 83.6(c), an attorney who is withdrawing from a case and is not being replaced by other counsel may only withdraw with permission of the Court. In this case, there was no motion to withdraw, and therefore, the Court had no reason to suspect that Mr. Goldman was no acting as longer counsel, as has been claimed by Defendant. Moreover, to date, there has been no affirmative action by either Mr. Kellman or his counsel to file a motion of withdrawal, and as a result, Attorney Goldman remains listed as Defendant's counsel of record. Accordingly, the Court finds no basis for reconsideration of its Memorandum Opinion and Order based on Defendant's largely reiterated arguments regarding insufficient service and his claim of related due process violations based on insufficient service.

B. Defendant's Alleged Medical Issues Do Not Warrant Reconsideration

Defendant contends that "unrebutted medical evidence" he submitted establishes his inability to comply versus his willful avoidance and that severe medical conditions can

constitute "extraordinary circumstances" that justify relief from judgments.[3] The Court notes first that Defendant's Consolidated Motion did not mention any medical circumstances. Defendant's Reply in support of the Consolidated Motion did however mention his traumatic experiences in Africa during the "Arab Spring," (2011-2012) which predate by years Smartnet's motion to renew the judgment, and accordingly, have no bearing on the Court's renewal of the Judgment. *See* ECF No. 96, at 1 n.1 (referring to this as "extraneous information about Defendant's medical condition").

Second, Defendant relies upon his heart and kidney transplant that took place in mid-July of 2020, which presumably disabled him for a period of one-year during which time Smartnet moved to renew the judgment.[4] As evidence in support of his transplant, Defendant proffers photos of a person in a hospital bed and some screenshots of medical records that are not linked to him by name. *See* Ex. 1 to Defendant's Reply to Consolidated Motion, ECF No. 95-1. The Court notes that Mr. Kellman asserted previously that this medical disability (transplant and recovery) prevented him from responding to Plaintiff's motion to renew the judgment. *See* Reply in support of Consolidated Motion, ECF No. 95,

---

[3] Mr. Kellman contends that the "Court's finding that Defendant demonstrated a history of avoiding his financial obligations to Smartnet" ignores this distinction. *See* Mem. Op. and Order, ECF No. 96, at 2-4 (discussing the history of the settlement agreement, and the need for Smartnet to file several motions to reopen the case to enforce the settlement agreement, which eventually resulted in the Confessed Judgment).

[4] For the one-year period of disability, Defendant relies on the Social Security Administration's Listing of Impairments. *See* Def.'s Reply, ECF No. 99, at 11-12. The Court notes that while Smartnet moved to renew the Judgment on March 30, 2021, the Order granting the renewal of the judgment was not entered until June 29, 2021 (which is almost one year after Mr. Kellman's alleged surgery).

at 43. But in the instant case, Plaintiff's request to renew the judgment stated simply that the "Judgment has not expired, and Mr. Kellman has been avoiding his obligation under the Order of Judgment and has not been located in the last number of years." Motion, ECF No. 87, at 1. Even if Defendant had requested and been granted additional time to respond to Plaintiff's motion – based on his medical condition – Mr. Kellman has not and cannot dispute either of these statements.[5] Accordingly, there is no prejudice to Mr. Kellman in this Court having renewed the valid judgment where such renewal request was timely made and the Judgment amount was (and remains) outstanding. Furthermore, after the Court granted the renewal of the Judgment, Plaintiff's first-noted activity to enforce that Renewed Judgment was an Application for Writ of Continuing Garnishment, docketed on March 16, 2022, which is well after any 12-month disability period. Yet, it was not until Plaintiff moved to subpoena Quasar in September, 2025 that Defendant protested the Renewed Judgment.

In his instant Motion, Mr. Kellman argues not only that his medical conditions impaired his "ability to monitor and respond to legal proceedings independently," but he also seems to suggest that such medical conditions may by themselves warrant relief from the Judgment. Def.'s Mot., ECF No. 97, at 12-14. Mr. Kellman appears to equate his

---

[5] Plaintiff contends that "even if Defendant was suffering health issues amounting to a disability at the time, it is the party's responsibility to inform the Court and ask for accommodations." *See, e.g. Phiffer v. Shirtcliff*, No. CV-10-1120-SU, 2011 WL 2314153, at *1 (D. Or. Apr. 14, 2011), *report and recommendation adopted*, No. CV-10-1120-SU, 2011 WL 2292294 (D. Or. June 9, 2011).

alleged inability to respond in a timely way to Smartnet's one-page motion to renew its valid Judgment with an automatic reason for setting that Renewed Judgment aside. Smartnet asserts however, and this Court agrees that, "[w]hatever Defendant's medical condition might or might not have been at some point in time after the Judgment was entered against him, Defendant has clearly not been disabled at all times since the Judgment was entered" as he provides "photographs of himself with a variety of political figures, soldiers, and others allegedly taken between the time of the initial judgment and his surgery." Pl.'s Opp'n, ECF No. 98, at 4. Accordingly, upon considering Defendant's arguments that his medical conditions prevented him from timely responding to the motion to renew the judgment, or that they somehow excuse his compliance with the Judgment, the Court finds no reason to revisit its ruling denying Defendant's Consolidated Motion.

C. Federal Rule of Civil Procedure 60(b)(4) Does Not Provide Independent Grounds in Support of Reconsideration

While Federal Rule of Civil Procedure 60(b)(4) is cited by Defendant as "providing independent grounds for relief," Def.'s Mot., ECF No. 97, at 16, Mr. Kellman reargues yet again that the Renewed Judgment is void because of lack of notice. *Id.* This Court has found repeatedly that the notice was sufficient, *see* ECF No. 96, at 6-8; *see also* Section A., *supra.*, and accordingly, the Court finds that lack of notice is not an independent ground.

Furthermore, Defendant asserts that, pursuant to Rule 60(b), relief under subsection four "may be granted at any time." Def.'s Mot., ECF No. 97, at 16. This ignores the language in the rule itself, which states that "[a] motion under Rule 60(b) must be made within a reasonable time[.]" Fed. R. Civ. P. 60 (c)(1). In its Opposition, ECF No. 98, at 5-

8

6, at Smartnet indicates that while there is no bright line, there are factors that courts consider when determining a reasonable time, as follows:

> Though there is no established standard for assessing whether a motion was filed within a "reasonable time" in this Circuit, there are a number of factors that the court can consider in making such a determination, including the reason for the delay and whether the non-movant will be prejudiced by granting the motion. *Salazar*, 633 F.3d at 1118 & n.5 (citations omitted).

*More v. Lew*, 34 F. Supp. 3d 23, 29 (D.D.C. 2014). In this case, Defendant's delay of four years from the time the Judgment was renewed to the time he challenged the Renewed Judgment is not "reasonable," particularly considering the prejudice to the Plaintiff if the Judgment is rendered void. Mr. Kellman was fully aware of the initial Confessed Judgment (as opposed to it having been a default judgment), and the validity of that Judgment has not been contested by Defendant. Furthermore, Mr. Kellman was certainly aware that Smartnet intended to enforce that Judgment. Because the Judgment was still outstanding at the end of the 12-year period, Plaintiff was entitled to move to renew it and continue to attempt post-judgment enforcement. In sum, after considering Defendant's arguments, the Court finds that Defendant proffers no good reason for this Court to reconsider its Memorandum Opinion and Order denying his Consolidated Motion, with the effect that the Renewed Judgment would be voided. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

9